STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

**FILED**

September 30, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**UNITED PARCEL SERVICE, INC.,**
**Employer Below, Petitioner**

**vs.)  No. 15-1029** (BOR Appeal No. 2050331)
                    (Claim No. 2014007782)

**DAVID DILLE,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner United Parcel Service, Inc., by Jeffery B. Brannon, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review.

This appeal arises from the Board of Review's Final Order dated September 25, 2015, in which the Board affirmed a March 18, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's August 5, 2014, decision to deny temporary total disability benefits. The Office of Judges granted temporary total disability benefits from July 28, 2013, through November 2, 2014. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Dille, a delivery driver for United Parcel Service, Inc., began experiencing pain in his right hip sometime in 2013 and he filed a claim for benefits on August 31, 2013. The claims administrator denied the claim on October 25, 2013, because it concluded the evidence did not indicate that he had sustained any injury in the course of resulting from his employment. On April 2, 2014, the Office of Judges reversed the claims administrator and held the claim compensable for a right hip labral tear.

1

Mr. Dille was examined by Benjamin Domb, M.D, an orthopedic specialist. By letter dated April 26, 2014, Dr. Domb indicated that Mr. Dille had been under his care for a right hip labral tear. He was unable to work and remained out of work until surgery could be performed. He opined that Mr. Dille would need to be reevaluated postoperatively. In another letter, Dr. Domb also asked for hip surgery to be approved.

United Parcel Service, Inc., introduced as evidence the request made by Mr. Dille on May 5, 2014, that he be granted temporary total disability benefits from July 28, 2013, to the present.[1] United Parcel Service, Inc., further offered into evidence the June 13, 2014, claims administrator's denial of Mr. Dille's May 5, 2014 request for temporary total disability benefits.[2] The claims administrator also denied his request for surgery to repair his labral tear.[3] On June 2, 2014, Mr. Dille requested temporary total disability benefits from July 28, 2013, to the present. On August 5, 2014, the claims administrator denied Mr. Dille's June 2, 2014, request for temporary total disability benefits from July 28, 2013, to the present.[4]

Records from William McCormick, M.D., indicated that Mr. Dille appeared for right hip pain on October 3, 2014. He did not note a particular injury. He said the pain was from overuse from stepping in and out of his delivery truck all day. Dr. McCormick requested that arthroscopic hip surgery with a labral repair and femoral osteochondroplasty be authorized. On October 30, 2014, the claims administrator authorized the request for arthroscopy of the right hip with labral repair and femoral osteochondroplasty. On December 5, 2014, the claims administrator granted temporary total disability from November 3, 2014, through December 16, 2014. On December 30, 2014, the claims administrator granted temporary total disability benefits from December 17, 2014, through February 17, 2015. On August 5, 2014, the claims administrator denied Mr. Dille's request for temporary total disability benefits from July 28, 2013, to the present.

The Office of Judges determined the evidence established Mr. Dille was temporarily and totally disabled from July 28, 2013, through November 2, 2014. The Office of Judges found that West Virginia Code § 23-4-1c (2009) provides for the payment of temporary total disability benefits during the healing or recovery period after an injury. United Parcel Service, Inc., argued that Mr. Dille was treated for many non-compensable conditions and that he never suffered a compensable injury. The Office of Judges rejected this argument because of its prior April 2, 2014, Order that held his hip injury compensable. The Office of Judges noted that the employer also asserted that many non-compensable conditions were treated by the surgery. The Office of Judges found that the claims administrator authorized treatment for these allegedly non-compensable conditions. As a result, the Office of Judges found that temporary total disability benefits should be paid from July 28, 2013, through November 2, 2014. The Office of Judges noted that Mr. Dille's recovery lasted until February 17, 2015, but the temporary total disability benefits in question were only authorized until November 2, 2014. United Parcel Service, Inc., agreed to pay additional temporary total disability benefits from November 3, 2014, through

---

[1] This request is not at issue in this appeal.
[2] This Order is not at issue in this appeal.
[3] This Order is not at issue in this appeal.
[4] This Order is the subject of this appeal.

2

February 17, 2015. The Board of Review adopted the findings of the Office of Judges and affirmed its Order. After review, we agree with the consistent decisions of the Office of Judges and Board of Review. Because the evidence supported the decision, there is no reversible error.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: September 30, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II